IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BETTY VANTREE and CYNTHIA**                                      **PLAINTIFFS**
**RAYBORN, individually and on**
**behalf of all others similarly situated**

**V.**                                                                          **NO. 4:22-CV-70-DMB-JMV**

**PROGRESSIVE GULF INSURANCE**
**COMPANY; and MOUNTAIN LAUREL**
**ASSURANCE COMPANY, Ohio**
**corporations**                                                                       **DEFENDANTS**

## ORDER

The plaintiffs and the defendants have filed separate motions to seal certain documents related to the plaintiffs' pending motion for class certification. Because both motions to seal substantively and/or procedurally fail to comply with Local Rule 79's requirements in whole or part, both motions to seal will be denied.

## I
## Procedural History

On August 8, 2022, Betty Vantree and Cynthia Rayborn, individually and on behalf of all others similarly situated, filed an "Amended Class Action Complaint" in the United States District Court for the Northern District of Mississippi against Progressive Gulf Insurance Company and Mountain Laurel Assurance Company. Doc. #10. The defendants answered the complaint on August 31, 2022. Doc. #30.

On April 3, 2023, United States Magistrate Judge Jane M. Virden, based on the defendants' unopposed motion and proposed order signed by all parties, entered a "Stipulated Confidentiality Order." Doc. #42; *see* Doc. #40. The same day, Judge Virden, also based on the defendants' unopposed motion and proposed order signed by all parties, entered a "Stipulated Order Governing

Discovery of Electronically Stored Information." Doc. #43; *see* Doc. #41.

On October 6, 2023, the plaintiffs filed a motion for class certification, Doc. #72; and a motion to file under seal portions of their motion for class certification and supporting documents, Doc. #73. On November 6, 2023, the defendants moved to file under seal portions of their response to the motion for class certification. Doc. #76. No response to the plaintiffs' motion to seal was filed. No response to the defendants' motion to seal was filed. The defendants' motion to seal though represents that it is unopposed by the plaintiffs. *Id.* at 3.

## II
## Discussion

The plaintiffs seek "to file under seal portions of their Motion for Class Certification as well as the documents and evidence submitted in support of that Motion"[1]—specifically, excerpts of their memorandum in support of the class certification motion; Exhibit 1 (graphs); Exhibits 2, 4, 5, and 10 (portions of deposition transcripts); and Exhibits 7 and 8 (portions of expert reports). Doc. #73 at 1–2. As cause, they represent that such documents "were designated confidential by either Defendants or non-parties." *Id.* at 2. According to the plaintiffs, they "discharge their obligations under Local Uniform Civil Rules 79(e) and the Confidentiality Stipulation, by: (1) providing a non-confidential description of what is to be sealed and requesting the material be sealed from public access, and (2) serving this Motion, along with the material to be filed under seal, and a highlighted copy of material to be filed with redactions on Defendants and non-parties." *Id.* at 2. They further add that "[i]t shall be the obligation of the Producing Party to file a response to the motion to seal satisfying the requirements of Local Rule 79(e)(3)(A) through (F)." *Id.*

The defendants seek "to file under seal an unredacted version of their Opposition to

---

[1] The motion's introductory paragraph also mentions a request to have the documents "restricted from public access." Doc. #73 at 1.

Plaintiffs' Motion for Class Certification and [certain] exhibits," requesting that such documents "be sealed from public access, with CM/ECF access permitted to only Plaintiffs' counsel, [their] counsel, and the Court." Doc. #76 at 3. As cause, the defendants represent that "[m]ultiple exhibits that support [their] Opposition contain material that non-parties … have designated confidential" and "[p]ortions of the Opposition brief also reveal Confidential Information." *Id.* at 1. The subject exhibits are Exhibit A (an expert report); Exhibits D, E, F, G, P, Y, Z, HH, and II (deposition transcripts); and Exhibit JJ (a declaration). *Id.* at 2–3. The defendants submit that "non-parties … are in the best position to explain why the Confidential Information should be maintained under seal." *Id.* at 3.

Local Rule 79(b) provides that no document may be filed under seal without a court order. Local Rule 79(e) requires that a motion to seal be accompanied by "a notice that identifies the motion as a sealing motion," along with "a proposed order" and "a non-confidential supporting memorandum" that must include:

> (A) A non-confidential description of what is to be sealed;
> (B) A specific request that the document or case:
>   (1) Be sealed from any access by the public and the litigants' counsel;
>   (2) Be sealed from public access only, with CM/ECF access permitted to to the litigants' counsel; or
>   (3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.
> (C) A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)-(3) above is most appropriate, and why another procedure will not suffice;
> (D) References to governing case law; and
> (E) Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.
> (F) The proposed order must recite the findings required by governing case law to support the proposed sealing. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

L.U. Civ. R. 79(e)(3). And significantly, Local Rule 79(d) states, "No document may be sealed

merely by stipulation of the parties. A confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule."

In their respective motions to seal, neither the plaintiffs nor the defendants state why sealing is necessary and most appropriate, why another procedure will not suffice, and how long the information should be under seal. Nor is either motion accompanied by a supporting memorandum[2] which cites governing case law or statutes in support of their respective motions (and no case law or statutes are cited in the motions).[3] Rather, the plaintiffs rely only on the fact that what it asks to be sealed was designated as confidential by the defendants or non-parties, citing the Stipulated Confidentiality Order's provision that "[i]t shall be the obligation of the Producing Party to file a response to the motion to seal satisfying the requirements of Local Uniform Civil Rule 79(e)(3)(A) through (F)." Doc. #42 at 7. And the defendants only state who should have access to the documents and that the non-parties "are in the best position to explain why the Confidential Information should be maintained under seal." Doc. #76 at 3. Because both motions are deficient in whole or part with Local Rule 79's procedural and substantive requirements, they will be denied.

### III
### Conclusion

The plaintiffs' motion to seal [73] and the defendants' motion to seal [76] are **DENIED**.[4]

---

[2] The defendants' request in their motion "that they not be required to submit a memorandum … as required by Local Uniform Civil Rule 7(b)(4)." Doc. #76 at 2. For the reasons stated in this order, the Court's denial of their motion includes the denial of the request to excuse the memorandum requirement.

[3] The plaintiffs note that they "take no position on the propriety of Defendants' and non-parties' confidentiality designations but file this Motion pursuant to Local Uniform Civil Rule 79(e)(2) and in recognition of Defendants' and non-parties' designations under the parties' confidentiality order." Doc. #73 at 1 n.1.

[4] The Court declines to allow the defendants and the plaintiffs to pass the buck of demonstrating the bases for their request to seal when they are the ones who filed the motions to seal. If there was a lack of knowledge or doubt as to the reasons the subject documents should be sealed, they should have made a good faith inquiry about such reasons before they filed the motions to seal.

**SO ORDERED**, this 14th day of November, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**