# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**BETTY VANTREE and CYNTHIA**            **PLAINTIFFS**
**RAYBORN, individually and on**
**behalf of all others similarly situated**

V.            NO. 4:22-CV-70-DMB-JMV

**PROGRESSIVE GULF INSURANCE**
**COMPANY; and MOUNTAIN LAUREL**
**ASSURANCE COMPANY, Ohio**
**corporations**            **DEFENDANTS**

## ORDER

On December 15, 2023, the plaintiffs filed a motion to exclude the expert testimony of Jonathan Walker, along with a supporting memorandum brief with an exhibit attached. Docs. #106, #107, #107-1. Three days later, after issuing a notice advising that exhibits should be filed with the motion and not the memorandum brief as required by Local Rule 7(b)(2), the Clerk of the Court directed the plaintiffs to refile their motion to exclude and memorandum brief,[1] adding docket text that the entries for the December 15 motion to exclude and memorandum brief are to be disregarded.[2]

On January 23, 2024, the defendants filed (1) "Defendants' Unopposed Motion to File Memorandum in Opposition to Plaintiffs' Motion to Exclude Expert Testimony of Jonathan Walker Under Seal," Doc. #117; (2) a response to the motion to exclude Walker's testimony, Doc. #115; and (3) a redacted memorandum brief in support of their response, Doc. #116. According to the defendants, the plaintiffs do not oppose the motion to seal. Doc. #117 at 1.

---

[1] The Clerk of the Court then terminated the motion to exclude.

[2] Specifically, "**DISREGARD ENTRY - ATTORNEY DIRECTED TO REFILE**." *See* Docs. #106, #107.

Because there is no pending motion to exclude Walker's testimony since the plaintiffs did not refile it and the supporting memorandum brief, the defendants' motion to seal [117] is **DENIED as moot**; and the defendants' response [115] and memorandum brief [116] are **STRICKEN**.

**SO ORDERED**, this 25th day of January, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**